UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUAN SANTANA,

                Plaintiff,

   -against-

RIKERS ISLANDS WARDENS AND STAFF,[1]

                Defendants.
------------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
14-CV-5698 (PKC)

PAMELA K. CHEN, United States District Judge:

On September 25, 2014, Plaintiff Juan Santana, currently incarcerated at Clinton Correctional Facility Annex, filed this *pro se* action against defendants pursuant to 42 U.S.C. § 1983. He seeks $100,000 and injunctive relief. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The complaint is dismissed as set forth below.

*Background*

Plaintiff alleges that while detained at the Robert N. Davoren Center ("RNDC") on Rikers Island during the last week of September 2013 he "fell extremely hard on the shower floor as [he] tried to shower." (Dkt. 1 at 4, ¶ IV.) Plaintiff further alleges that the shower area had "poor drainage" and that "there were no dry spots" or "workers drying the floor." (*Id.*) Plaintiff avers that he was taken to the clinic and later to the hospital for medical treatment for

---

[1] Plaintiff names the following additional Defendants, though he fails to list them in the caption: Warden Raino Hills, Robert N. Davoren Center; Supervising Wardens William Clemons, Robert Cripps, Eliseo Perez; C-74 Dorm Sgt assigned to Bathhouse 9/20/13 through 10/1/13 9:20 pm; C-74 Officer assigned to shower 9/20/13 through 10/1/13 9:20 pm; Asst. Comm., Financial Mgmt. & Budget Jeffrey Pico. *See* Dkt. at 3, ¶ III.

injuries sustained as a result of his slip and fall.  (*Id.*)  He received treatment "for months" but still has swelling, pain and discomfort.  (*Id.* at 4, ¶ IV.A.)

*Standard of Review*

A *pro se* submission should be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations omitted), but must contain sufficient factual allegations to meet the plausibility standard.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that a complaint must plead "enough facts to state a claim to relief that is plausible on its face.").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id.*

The Court must dismiss a civil complaint brought by a prisoner against a governmental entity or its agents if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a)-(b)(1).  *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

*Discussion*

"Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain an action under 42 U.S.C. § 1983, Plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

A.   No Personal Involvement

Plaintiff brings this action against Warden Hills, Supervising Wardens Clemons, Cripps and Perez, and Jeffery Pico.[2] As a prerequisite to a damage award under 42 U.S.C. § 1983, Plaintiff must allege Defendants' direct or personal involvement in the alleged constitutional deprivation. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994)). Here, Plaintiff fails to make any allegations against Defendants Hills, Clemons, Cripps, Perez and Pico—let alone any allegations that could suggest they had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights. *Farrell*, 449 F.3d at 484. Moreover, Plaintiff cannot name these Defendants based on their roles as supervisors. "Because vicarious liability is

---

[2] It is unclear what role, if any, Jeffrey Pico had in Plaintiff's slip and fall at RNDC. *See* Compl. at 3, ¶ III (Jeffery Pico identified as "Asst. Comm., Financial Mgmt. & Budget").

inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (rejecting the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amount to the supervisor's violating the Constitution."); *see Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (per curiam) ("mere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim.") (internal quotation marks omitted). Therefore, the claims against Defendants Hills, Clemons, Cripps, Perez and Pico are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).

B. <u>No Constitutional Violation</u>

The claims against the unidentified C-74 Dorm Sergeant and C-74 Officer assigned to the area where Plaintiff allegedly slipped and fell are also dismissed. First, Plaintiff does not make any specific allegations against these Defendants. *Farrell*, 449 F.3d at 484. Second, even if Plaintiff had alleged that either the unidentified Sergeant or the Officer was negligent in maintaining the shower area, allegations of negligence by prison officials do not rise to the level of a constitutional violation under the Eighth Amendment or the Fourteenth Amendment. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *see also Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Furthermore, "[c]ourts have regularly held . . . that a wet or slippery floor does not pose an objectively excessive risk to prisoners." *Johnson v. New York City Dep't*

*of Correction*, No. 10 Civ. 338, 2010 WL 2426017, at *1 (E.D.N.Y. June 11, 2010) (citing *Sylla v. City of New York*, No. 04 Civ. 5692, 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 8, 2005)).

In addition, Plaintiff does not allege that he did not receive medical treatment. (Dkt. 1 at 4, ¶ IV.) *See Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) ("There are two elements to a claim of deliberate indifference to a serious medical condition: [The plaintiff] must show that [he] had a serious medical condition and that it was met with deliberate indifference.") (alterations in original) (internal quotation marks omitted). Therefore, the claims against defendants C-74 Dorm Sergeant and C-74 Officer assigned to the area where Plaintiff slipped and fell are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).

*Conclusion*

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: November 17, 2014
Brooklyn, New York